UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAURA B. JAKEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | **ORDER**<br><br>Case No. 07-CV-00609<br><br>Honorable Dee Benson |

    Laura Jakeman appeals the Commissioner of Social Security's decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C.§§ 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration.

## **LEGAL STANDARDS**

    This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

**BACKGROUND**

Laura Jakeman, the plaintiff, filed an application for Disability Insurance Benefits on December 31, 2003. (T.64). Ms. Jakeman's claim was initially denied on May 27, 2004, (T. 38), and upon reconsideration on September 28, 2004. (T. 45). Ms. Jakeman timely requested a hearing before an Administrative Law Judge ("ALJ") on November 24, 2004. (T. 48).

A hearing was held on November 30, 2006 in Salt Lake City, Utah, before Administrative Law Judge G. Alejandro Martinez. (T. 24). The ALJ issued a decision finding Ms. Jakeman not disabled on January 24, 2007. (T. 11). Ms. Jakeman timely requested review by the Appeals Council on February 20, 2007. (T. 10). The Appeals Council denied Ms. Jakeman's request for review on June 29, 2007. (T. 5). This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case. Thus, the ALJ decision stands as the final decision of the Commissioner.

**DISCUSSION**

A reviewing court must reverse the decision of the Commissioner if the Commissioner's decision is not supported by substantial evidence. *Baca v. Department of Health and Human Services*, 5 F.3d 476, 479 (10th Cir. 1993). "Substantial evidence is more than a mere scintilla." *Descheenie ex. Rel Descheenie v. Bowen*, 850 F.2d 624, 627 (10th Cir. 1988). It requires sufficient relevant evidence that a reasonable mind would accept as adequate to support the ALJ's conclusion. *Id*. The evidence must have some substance to it and is not substantial if it is overwhelmed by other evidence or constitutes mere conclusion. *Id*. at 628

In this case, the ALJ improperly discredited Ms. Jakeman's testimony. "When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." Social Security Ruling ("SSR") 96-7p, *see also McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002).

Ruling 96-7p sets forth seven factors in addition to the objective medical evidence that the ALJ must consider when assessing credibility;

> (1) the individual's daily activities, (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms, (3) factors that precipitate and aggravate the symptoms, (4) the type dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms, (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms, (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g. lying flat on his bed or back, standing for 15 to 20 minutes every hour, or sleeping on a board, and (7) any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p. The ALJ's Decision does not contain any type of substantial analysis as that presented above from *McGoffin* and other Tenth-Circuit holdings, other than a flawed review of Ms. Jakeman's activities of daily living. The ALJ only states that, "After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (T-16). Therefore, on remand the ALJ shall specifically discuss the required factors for evaluation of a claimant's credibility and provide better explanation if the ALJ decides to find Ms. Jakeman not credible.

      Second, the ALJ failed to properly explain any changes in Ms. Jakeman's limitations that may have occurred after an auto accident that appeared to cause a significant increase in her symptoms. The ALJ notes that Ms. Jakeman "reported that her knee pain was 10 times worse following an April 2005 motor vehicle accident, noting that before the accident she could move about her house without crutches but know[sic] needed to use them full-time." (T. 20). However, in assessing Ms. Jakeman's RFC the ALJ seems to treat statements of her limitations

both before and after this accident equally without providing any explanation for the obvious inconsistency.  Therefore, on remand the ALJ shall provide an explanation of his findings about what effect Ms. Jakeman's auto accident had on her functioning, if any.

Third, the ALJ failed to properly evaluate the medical source statements of Martha Mandujano, PA-C and Dr. Peter Heinbecker.  Dr. Heinbecker's opinion indicates that Ms. Jakeman was not able to work on a full-time sustained basis.  (T. 247).  Ms. Mandujano stated that Ms. Jakeman required a wheelchair to ambulate.  The ALJ generally discussed these two opinions but did not provide a sufficient discussion about the weight he was giving to these opinions.  Considering that these opinions generally support Ms. Jakeman's claim that she is disabled this error must be corrected.  Therefore, on remand the ALJ shall evaluate the opinions of these medical source in accordance with Social Security's rules and regulations, particularly 20 C.F.R. § 404.1527.

Finally, the ALJ made inadequate findings regarding Ms. Jakeman's residual functional capacity ("RFC").  The ALJ found that Ms. Jakeman had no more than mild mental limitations despite the medical opinions of record that Ms. Jakemen had a GAF score of 50, which indicates severe symptoms.  Furthermore, the medical expert testified at the hearing that Ms. Jakeman that this score was consistent with a person who is unable to keep a job.  (T. 404).  When evaluation a claimant's RFC the ALJ is required to consider the limitations and restrictions imposed by all of a person's impairments in assessing the person's residual functional capacity. SSR 96-8p.  Simply put, the ALJ's finding that Ms. Jakeman had not more than a mild to moderate mental impairment is inconsistent with the evidence that she had serious mental limitations.  The ALJ did not provide adequate discussion for why he made these findings and what support existed in the record for them.  Therefore, on remand the ALJ shall reconsider Ms. Jakeman's RFC and provide a discussion that meets the requires of SSR 96-8p.

**CONCLUSION**

Having determined that the Commissioner's decision is not free of error, the Commissioner's decision is REVERSED and REMANDED for further consideration as to Mr. Jeppson's opinions and how they will impact Ms. Fox's residual functional capacity and her ability to work.

It is so ordered.

DATED this 8th day of December 2009.

_____
Honorable Dee Benson
United States District Court